Jeffrey D. Kaliel (CA Bar No. 238293)
jkaliel@kalielpllc.com
KALIEL PLLC
1875 Connecticut Ave., NW, 10th Floor
Washington, D.C.  20009
(202) 450-4783

Attorney for Plaintiff Brandie Johnson
and the Putative Class

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDIE JOHNSON, on behalf of herself and all others similarly situated,<br><br>                              Plaintiff,<br><br>        v.<br><br>JP MORGAN CHASE BANK, N.A.,<br><br>                              Defendant. | **CLASS ACTION COMPLAINT** |

1    Plaintiff BRANDIE JOHNSON, on behalf of herself and all others similarly

2  situated, sues Defendant JP MORGAN CHASE BANK, N.A., and alleges:

3                                **INTRODUCTION**

4    1)    Plaintiff seeks redress for an unlawful practice that JP MORGAN

5  CHASE BANK, N.A. ("CHASE BANK") perpetrates on its checking and money

6  market account customers.  Plaintiff asserts this action pursuant to Fed. R. Civ. P. 23,

7  on behalf of herself and all others similarly situated throughout the United States, for

8  damages and other relief arising from CHASE BANK's routine practice of

9  wrongfully assessing its customers so-called "Extended Overdraft Fees."

10    2)    As alleged in detail below, this purported "fee" is deducted from a

11  customer's account *in addition to* an initial overdraft fee if and when the customer's

12  overdraft status remains in effect for a period of five consecutive business days after

13  the account balances goes negative.  In reality, CHASE BANK's assessment and

14  collection of the Extended Overdraft Fee from its customers constitutes interest for the

15  use, forbearance, or detention of money.  The amount of interest charged far exceeds

16  the permissible limit under the National Bank Act.

17                                  **PARTIES**

18    3)    Plaintiff, Brandie Johnson, is a citizen and resident of the State of

19  California and has had a checking account with CHASE BANK at a branch in

20  California, at all times material hereto.

21    4)    CHASE BANK is a national bank with its U.S. headquarters and principal

22  place of business located in Columbus, Ohio.  CHASE BANK also operates numerous

23  retail banking centers throughout nationwide and throughout California.  Among other

24  things, CHASE BANK is engaged in the business of providing retail banking services

25  to consumers, including Johnson and members of the putative classes, which includes

26  the issuance of checks and debit cards for use by customers in conjunction with their

27  checking accounts.

28                                **JURISDICTION**

CLASS ACTION COMPLAINT

5)     This Court has original jurisdiction pursuant to 28 U.S.C. § 1331, because this action arises under the laws of the United States, namely the National Bank Act, 12 U.S.C. § 1, *et seq.*, and regulations promulgated by the Office of the Comptroller of the Currency.

6)     CHASE BANK regularly and systematically conducts business and provides retail banking services in this district, and provides retail banking services to its customers, including Plaintiff and members of the putative class.  As such, it is subject to the jurisdiction of this Court and the mandate of the National Bank Act.

## VENUE

7)     Venue is likewise proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims asserted herein occurred and continue to occur in this district. Moreover, CHASE BANK is subject to personal jurisdiction of this Court and regularly conducts business within this district.

## OVERVIEW

8)     The gist of the Extended Overdraft Fee is as follows:  If Customer "A" were to overdraft his or her account by $50.00, the bank first charges an overdraft fee of $34.00 per transaction.  However, if Customer A then fails to replenish his or her account to bring the balance to a positive figure within 5 business days, for having to extend credit to Customer A, CHASE BANK then assesses $15 as well as an additional $15 per five-day period thereafter, until the account balance is brought back to even. The Extended Overdraft Fee policy is set forth in CHASE BANK's Deposit Account Agreement and Fee Schedule.

9)     Unlike an initial overdraft fee, the Extended Overdraft Fee is an *additional* charge to a customer for which CHASE BANK has provided nothing new in the way of services.  The charge is based solely on the alleged indebtedness to the bank remaining unpaid by the customer for a period of time.  Because Defendant's Extended Overdraft Fee is interest, the amount of the charges must comply with the state's usury law; however, they do not so comply.

10)    By way of background, overdraft fees have been a substantial source of revenue for banks for a number of years. Overdraft fee revenues continue to proliferate. As technology has rapidly grown and enabled bank customers new ways of accessing the money in their accounts, overdraft episodes and the attendant imposition of overdraft fees have skyrocketed. Recent reports from the U.S. Consumer Financial Protection Bureau ("CFPB"), for example, show that a broad investigation has been launched regarding bank overdraft practices and procedures due to its concern that the growing cost of overdraft practices could place bank customers at unnecessary risk. In 2012 alone, banks took in approximately $32 billion in overdraft-related fees.

11)    As a recent CFPB report reflects, "sustained negative balance" fees are becoming popular with banks and account for nearly 10% of total overdraft-related fees collected by banks which impose such charges. According to the CFPB report issued in July 2014, once a bank charges its customer a sustained overdraft fee on day five, the negative balance is likely cured by the customer within just a few days, rather than weeks. As such, the bank's extension of credit to its overdrawn customer is typically very short-term. Moreover, most negative balances created by an overdraft are not high figures. Nearly two-thirds of transactions that cause overdrafts were for $50.00 or less. As these statistics highlight, a bank's exposure for carrying a customer's overdraft is ordinarily very small and limited. But rather than charging legally permissible interest until its customer cures the overdraft balance, CHASE BANK instead charges a purported Extended Overdraft Fee that in reality is interest at an illegal rate.

## CHASE BANK'S PRACTICE

12)    The specific issue in this case is CHASE BANK's practice of deducting the Extended Overdraft Fee from the accounts of its customers, including Plaintiff and others similarly situated. CHASE BANK renders no additional service to its customers in exchange for charging this extra fee other than advancing the original money to a customer's account in an amount to cover the overdraft, for which the bank previously

charged an initial overdraft fee.  CHASE BANK uses the fact that it has loaned funds to its customer as a pretext to justify charging the customer a secondary charge that exceeds lawful interest limits.

13)    In CHASE BANK's written deposit with its customers, including Plaintiff's, the Extended Overdraft Fee provision states as follows:

**We will charge an Extended Overdraft Fee for any overdraft balances that you haven't repaid promptly, we may charge interest for any overdraft, or we may do both.**

14)    The fee schedule in the deposit agreement states:

**Extended Overdraft: Charged each time your account is overdrawn 5 or more consecutive business days $15, even if your account is overdrawn by $5 or less.**

15)    Under this provision, CHASE Bank charges a fee against any checking or money market account merely by virtue of the customer failing to pay the bank a specific sum of money (the amount of the overdraft and the assessed overdraft fee) for a period of 5 or more consecutive business days.

16)    There is nothing in CHASE BANK's written materials disclosing that this additional "fee" is, in reality, an interest charge on extended credit.  Indeed, Chase affirmatively misrepresents the true nature of the Extended Overdraft Fee: it states it may charge that Fee "or" "charge interest for any overdraft"—a false representation that the Extended Overdraft Fee is not itself interest.

17)    In Plaintiff Johnson's case, as an example, one of her monthly bank statements for her CHASE BANK checking account show that her account went into "overdraft" status on May 5, 2017, and that her account remained in that status until

May 15, 2017.  On May 12, 2017, the Bank charged her an Extended Overdraft Fee of $15.  The $15 assessed charge is usurious under the National Bank Act.

## CLASS ACTION ALLEGATIONS

18)    Plaintiff brings this action on her own behalf and all others similarly situated pursuant to Fed. R. Civ. P. 23.  The Class is defined as follows:

> All holders of a CHASE BANK checking and/or money market account
> in the United States who, within the applicable statute of limitations,
> incurred one or more Extended Overdraft Fees.

19)    Excluded from the class are CHASE BANK, its subsidiaries and affiliates, its officers, directors and member of their immediate families and any entity in which defendant has a controlling interest, the legal representatives, heirs, successors or assigns of any such excluded party, the judicial officer(s) to whom this action is assigned, and the members of their immediate families.

20)    Plaintiff reserves the right to modify or amend the definition of the proposed Class and/or to add Subclasses if necessary before this Court determines whether certification is appropriate.

21)    This case is properly brought as a class action under Fed. R. Civ. P. 23(a) and (b)(3), and all requirements therein are met for the reasons set forth in the following paragraphs.

22)    *Numerosity under Fed. R. Civ. P. 23(a)(1)*.  The members of the Class are so numerous that separate joinder of each member is impracticable.  Upon information and belief, and subject to class discovery, the Class consists of thousands of members or more, the identity of whom are within the exclusive knowledge of and can be ascertained only by resort to CHASE BANK's records.  CHASE BANK has the administrative capability through its computer systems and other records to identify all members of the Class and the amount of Extended Overdrawn Balance Charges paid

by each Class member, and such specific information is not otherwise available to Plaintiff.

23)     *Commonality under Fed. R. Civ. P. 23(a)(2)*. There are numerous questions of law and fact common to the Class relating to CHASE BANK's business practices challenged herein, and those common questions predominate over any questions affecting only individual Class members.  The common questions include, but are not limited to:

        a)     Whether CHASE BANK charged interest to its customers under the guise of Extended Overdraft Fee in amounts that violate the National Bank Act's usury limit;

        b)     Whether CHASE BANK developed and engaged in an unlawful practice that mischaracterized or concealed the true usurious nature of the Extended Overdraft Fee;

        c)     Whether CHASE BANK charged its customer an Extended Overdraft Fee that bears no relationship to the actual costs and risks of covering insufficient funds transactions; and

        d)     Whether Plaintiff and other members of the Class have sustained damages as a result of CHASE BANK's assessment and collection of the Extended Overdraft Fee, and the proper measure of damages.

24)     *Typicality under Fed. R. Civ. P. 23(a)(3)*.  Plaintiff's claims are typical of the claims of the other Class members in that they arise out of the same wrongful business practice by CHASE BANK, as described herein.

25)     *Adequacy of Representation under Fed. R. Civ. P. 23(a)(4)*.  Plaintiff is an adequate representative of the Class in that she has a CHASE BANK checking account and has suffered damages as a result of CHASE BANK's assessment and collection of the Extended Overdraft Fee.  In addition:

        a)     Plaintiff is committed to the vigorous prosecution of this action on behalf of herself and all others similarly situated and has retained competent

counsel experienced in the prosecution of class actions and, in particular, class actions on behalf of consumers against financial institutions;

b)      There is no hostility of interest between Plaintiff and the unnamed Class members;

c)      They anticipate no difficulty in the management of this litigation as a class action; and

d)      Plaintiff's legal counsel have the financial and legal resources to meet the substantial costs and legal issues associated with this type of litigation.

26)   *Predominance under Fed. R. Civ. P. 23(b)(3)*. The questions of law and fact common to the Class as set forth in the "commonality" allegation above predominate over any individual issues.  As such, the "commonality" allegations (paragraph 22 and subparts) are restated and incorporated herein by reference.

27)   *Superiority under Fed. R. Civ. P. 23(b)(3).*  A class action is superior to other available methods and highly desirable for the fair and efficient adjudication of this controversy.  Since the amount of each individual Class member's claim is very small relative to the complexity of the litigation and since the financial resources of CHASE BANK are enormous, no Class member could afford to seek legal redress individually for the claims alleged herein.  Therefore, absent a class action, the Class members will continue to suffer losses and CHASE BANK's misconduct will proceed without remedy.  In addition, even if Class members themselves could afford such individual litigation, the court system could not.  Given the complex legal and factual issues involved, individualized litigation would significantly increase the delay and expense to all parties and to the Court.  Individualized litigation would also create the potential for inconsistent or contradictory rulings.  By contrast, a class action presents far fewer management difficulties, allows claims to be heard which might otherwise go unheard because of the relative expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale and comprehensive supervision by a single court.

CLASS ACTION COMPLAINT

28)     All conditions precedent to bringing this action have been satisfied and/or waived.

## FIRST CAUSE OF ACTION

### (Declaratory Relief for Permanent Injunction)

29)     Plaintiff incorporates the preceding allegations by reference as if fully set forth herein.

30)     There exists an actual controversy between the parties as to whether, under the Deposit Agreement, Defendant misrepresented the true nature of the Extended Overdraft Fee, disguising its true nature, which is an interest charge.

31)     This actual controversy concerns the parties' legal rights and duties under the Deposit Agreement, and presents a justiciable question:  whether, by issuing deceptive statements regarding the Extended Overdraft Fee, and by charging a fee in violation of federal law, Defendant violated California consumer protection law.

32)     Plaintiff and the Class therefore seek a declaration of rights that Defendant is not permitted to misrepresent the nature of the Extended Overdraft Fee or to charge a fee in violation of federal usury law.  As monetary damages would not prevent Defendant from making misrepresentations or assessing such wrongful charges in the future, Plaintiff and the Class members have no adequate remedy at law, and an injunction is therefore warranted.

## SECOND CAUSE OF ACTION

### (For Violation of the Consumers Legal Remedies Act, Cal Civ. Code § 1750)

33)     Plaintiff incorporates the preceding allegations by reference as if fully set forth herein.

34)     Defendant is a "person" as defined by the CLRA. Cal. Civ. Code § 1761(c).

35)     Plaintiff and Class members are "consumers" within the meaning of the CLRA, as defined by Cal. Civ. Code § 1761(d).

36)    The CLRA prohibits "unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer[.]" Cal. Civ. Code § 1770(a).

37)    Defendant's representation that the Extended Overdraft Fee it assesses is not interest is false and constitutes a deceptive and misleading business practice in violation of the CLRA.  Defendant's assessment of interest charges in excess of those allowed by law also violates the CLRA.

38)    Defendant continues to violate the CLRA and continue to injure the public by using false, deceptive, and misleading terms in its Deposit Agreements. Accordingly, Plaintiff seeks injunctive relief on behalf of the general public to prevent Chase from continuing to engage in these deceptive and illegal practices.

39)    Defendant's violation of the CLRA caused Plaintiff and putative Class members to suffer ascertainable losses. Specifically, Chase's false, deceptive, and misleading terms of its Deposit Agreements which led its consumers to incur overdraft fees as a result of one-time debit transactions initiated on insufficient funds even though they never opted in to the Debit Card Overdraft Service.

40)    Pursuant to Section 1782(d) of the CLRA, Plaintiff reserves the right to amend this Complaint to include a request for damages under the CLRA pursuant to Section 1782(a) of the CLRA within thirty (30) days of providing the required notice.

41)    Plaintiff's affidavit stating facts showing that venue in this District is proper pursuant to Cal. Civ. Code § 1780(c) is attached hereto.

### THIRD CAUSE OF ACTION

### (For Violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200)

42)    Plaintiff incorporates the preceding allegations by reference as if fully set forth herein.

43)    California Business & Professions Code § 17200 prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice."

1  Chase's conduct related to the imposition of overdraft fees violated each of this
2  statute's three prongs.

3      44)    Defendant committed an unlawful business act or practice in violation of
4  Cal. Bus. & Prof. Code § 17200, *et seq*., by violating the Consumers Legal Remedies
5  Act, as set forth above.

6      45)    Defendant committed unfair business acts and practices in violation of
7  Cal. Bus. & Prof. Code § 17200, *et seq*., by representing that Chase's Extended
8  Overdraft Fee is not an interest charge and is a fee that is an alternative to an interest
9  charge.

10      46)    Defendant committed fraudulent business acts and practices in violation
11  of Cal. Bus. & Prof. Code § 17200, *et seq*., when affirmatively and knowingly
12  misrepresenting that the Extended Overdraft Charge is not an interest charge.  Such
13  representations are likely to mislead the public, which would not contract for banking
14  services if it knew Chase charged extraordinarily high, usurious interest

15      47)    Defendant committed unlawful business acts and practices when it
16  charged Extended Overdraft Fees, which are interest, at rates that exceeded the
17  maximum allowed by the National Bank Act.

18      48)    As a direct and proximate result of the foregoing unfair and deceptive
19  practices, Plaintiff and Class members suffered and will continue to suffer actual
20  damages.

21      49)    As a result of its unfair and deceptive conduct, Defendant has been
22  unjustly enriched and should be required to disgorge all unjust profits and make
23  restitution to Plaintiff and Class members pursuant to Cal. Bus. & Prof. Code §§ 17203
24  and 17204.

25      50)    Plaintiff and the Class further seek an order enjoining Defendant's unfair
26  or deceptive acts or practices, and an award of attorneys' fees and costs under Cal.
27  Code of Civ. Proc. § 1021.5.

28
## FOURTH CAUSE OF ACTION
### (Violation of the National Bank Act, 12 U.S.C. §§ 85, 86)

CLASS ACTION COMPLAINT

1

51)     Plaintiff incorporates the preceding allegations by reference as if fully set forth herein.

52)     Interest, by definition, is compensation for the use or forbearance of money or as damages for its detention.  That is exactly the nature of CHASE BANK's Extended Overdraft Fee.  Any such charges imposed on a customer for use or forbearance of money or as damages for its detention – no matter how labelled by CHASE BANK – are in fact interest and in this case usurious, as alleged below.

53)     Claims for usury against a national bank such as CHASE BANK are governed exclusively by certain provisions in the National Bank Act – specifically, 12 U.S.C. §§ 85, 86.  Under § 85, a national bank may charge interest on any loan or debt at the *greater* of two options. Option (1) is "the rate allowed by the laws of the State ... where the bank is located."  Option (2) is "1 per centum in excess of the discount rate on ninety-day commercial paper in effect at the Federal reserve bank in the Federal reserve district where the bank is located."

54)     Under option (1), the maximum allowable interest rate that CHASE BANK would be allowed to charge its customers would be 8% because the law provides that a bank is located only in the state that is designated on its organization certificate.  CHASE Bank is deemed to be located in Ohio because it designates Ohio as its location in its organization certificate.

55)     Under Ohio law, the maximum allowable interest rate where no specific rate has been agreed to is 8%.  O.R.C 1343.01 (A) and (B) ("Any party may *agree* to pay a rate of interest in excess of the maximum rate") (emphasis added).

56)     Plaintiff Johnson never "agreed to" any rate of interest on her overdrawn balances, much less interest in excess of 8%.

57)     At all material times, the 8% Ohio interest rate limit (the Option (1) rate) exceeded the Option (2) rate, applying the specified discount rate.  As such, 8% is the maximum CHASE BANK could charge its customers in this context.

58)   By assessing and collecting Extended Overdraft Fee, CHASE BANK has knowingly extended credit to Plaintiff and others similarly situated for use in their checking and/or money market accounts. Such extensions of credit are loans made without a specific loan agreement. In fact, 12 U.S.C. § 84 defines the term "loans and extensions of credit" as including any and all direct or indirect advances of funds to a person made on the basis of any obligation of that person to repay the funds.   In addition, federal banking regulators in guidance issued to national banks on the subject of overdraft items have expressly stated: "When overdrafts are paid, credit is extended." *See* Joint Guidance on Overdraft Protection Programs, 70 Fed. Reg. 9127, 9129 (Feb. 24, 2005).

59)   Although CHASE BANK is only permitted to charge Plaintiff and others similarly situated a *maximum* of 8% annualized interest on these loans and extensions of credit, CHASE BANK has knowingly charged and collected Extended Overdraft Fee from Plaintiff and others similarly situated that far exceeded this permissible rate.

60)   Applying the maximum annual interest rate to the 10-day period that Plaintiff Johnson's account had a negative balance , the maximum amount that CHASE BANK was legally permitted to charge Plaintiff was far less than CHASE BANK charged Plaintiff Johnson when it assessed the $15 Extended Overdraft Fee.

61)   The Extended Overdraft Fee charged to Plaintiff and others similarly situated for such advances of money are egregiously high, usurious, and illegal.

62)   By labeling its charge as an Extended Overdraft Fee, CHASE BANK cannot mask the true nature of the charge.

63)   Plaintiff and those similarly situated have sustained damages based on CHASE BANK's violation of the NBA through its assessment and collection of the Extended Overdraft Fee.

64)   The usurious transactions at issue all occurred less than two years prior to the commencement date of this action.

65)    Plaintiff and those similarly situated are entitled to recover twice the amount of the usurious interest they paid under 12 U.S.C. § 86, which provides:

> In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back, in an action in the nature of an action of debt, *twice the amount of interest thus paid from the association taking or receiving the same* . . . (Emphasis added).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the members of the Class demand a jury trial on all claims so triable and judgment against Defendant as follows:

A.    An order certifying that this action may be maintained as a class action, that Plaintiff be appointed Class Representative and Plaintiff's counsel be appointed Class Counsel;

B.    Declaring that Defendant is not permitted to misrepresent the nature of the Extended Overdraft Fee or to charge a fee in violation of federal usury law and is otherwise required to conduct business lawfully;

C.    Issuing public injunctive relief, including to ensure compliance with the CLRA and UCL;

D.    A judgment awarding Plaintiff and all members of the Class restitution and/or other equitable relief, including, without limitation, restitutionary disgorgement of all profits and unjust enrichment that Defendant obtained from Plaintiff and the Class as a result of its unlawful, unfair and fraudulent business practices described herein;

E.    A judgment awarding Plaintiff her costs of suit; including reasonable attorneys' fees pursuant to California Civil Code § 1780(d), Code of Civil Procedure § 1021.5 and as otherwise permitted by statute; and pre and post-judgment interest;

F.    A judgment awarding actual and punitive damages to Plaintiff and the Class in an amount to be determined at trial; and

G.    Such other and further relief as may be deemed necessary or appropriate.

## DEMAND FOR JURY TRIAL

1    Plaintiff and all others similarly situated hereby demand trial by jury on all

2  issues in this complaint that are so triable as a matter of right.

3

4  Dated:  December 12,  2017                    Respectfully submitted,

5

6                                                      _____

7                                                      Jeffrey D. Kaliel (CA Bar No. 238293)

8                                                      KALIEL PLLC
                                                       1875 Connecticut Ave., NW, 10th Floor

9                                                      Washington, D.C.  20009
                                                       (202) 450-4783

10                                                     *jkaliel@kalielpllc.com*

11

12                                                     Attorney for Plaintiff and the Putative Class

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28