STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND (State Bar No. 83013)
STEPHEN J. NEWMAN (State Bar No. 181570)
DAVID W. MOON (State Bar No. 197711)
CHRISTOPHER R. FREDRICH (State Bar No. 266471)
2029 Century Park East
Los Angeles, CA 90067-3086
Telephone: 310-556-5800
Facsimile: 310-556-5959
Email: *lacalendar@stroock.com*

Attorneys for Defendant
  JPMORGAN CHASE BANK, N.A.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDIE JOHNSON, LISA MCGLOTHEN, and JUSTIN HEARD, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>          Defendant. | Case No. 5:17-cv-02477-JGB-SP<br><br>**OPPOSITION OF DEFENDANT JPMORGAN CHASE BANK, N.A. TO PLAINTIFFS' MOTION TO LIFT STAY AND FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**<br><br>Hearing:<br>Date: January 14, 2019<br>Time: 9:00 a.m.<br>Courtroom: 1<br><br>Action Filed: December 12, 2017 |

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...................................................................................... 1

      A.    BACKGROUND............................................................................... 4

            1.    The Original and First Amended Complaints............................ 4

            2.    The Second Amended Complaint ................................................ 5

            3.    The Motion to Compel Arbitration............................................. 6

            4.    Plaintiffs' Motion to Lift Stay and for Leave to Amend ............... 7

            5.    The Proposed Third Amended Complaint .................................. 8

II.   ARGUMENT........................................................................................... 8

      A.    The Stay Should Not Be Lifted. .................................................... 8

      B.    Plaintiffs' Motion Should Be Denied as a Disguised and Improper
            Motion for Reconsideration. ....................................................... 9

      C.    Even If Plaintiffs' Motion Were Proper (It Is Not), Leave to
            Amend Should Be Denied............................................................. 13

            1.    Plaintiffs Unduly Delayed and Already Have Had More
                  Than Ample Opportunity to Amend Their Complaint. .............. 13

            2.    Amendment Would Be Futile. ................................................... 14

                  (a)   Plaintiffs' Attempt to "Clarify" Their Allegations
                        Regarding Public Injunctive Relief Does Not Change
                        the Result Here. ............................................................ 15

                  (b)   Plaintiffs' Attempt to Amend Their Class
                        Allegations Similarly Does Not Change the Result......... 21

III.  CONCLUSION ..................................................................................... 22

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

-i-

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

Broughton v. Cigna Healthplans of Cal.,
  21 Cal. 4th 1066 (1999) ................................................................. 16, 17

Coleman v. Quaker Oats Co.,
  232 F.3d 1271 (9th Cir. 2000) .............................................................. 14

Croucier v. Credit One Bank, N.A.,
  No. 18CV20-MMA (JMA), 2018 WL 2836889 (S.D. Cal. June 11,
  2018) ..................................................................................................... 16

Cruz v. PacifiCare Health Sys., Inc.,
  30 Cal. 4th 303 (2003) ................................................................... 16, 17

Daghlian v. DeVry Univ., Inc.,
  582 F. Supp. 2d 1231 (C.D. Cal. 2007) ................................................ 11

Freeney v. Bank of Am. Corp.,
  No. CV 15-2376-JGB-PJWX, 2016 WL 5897773 (C.D. Cal. Aug. 4,
  2016) ..................................................................................................... 13

Gonzalez v. Coverall N. Am., Inc.,
  No. EDCV1602287JGBKKX, 2017 WL 4653017 (C.D. Cal. May
  26, 2017) ............................................................................................... 10

Ketab Corp. v. Mesriani Law Grp.,
  No. 2:14-CV-07241-RSWL, 2015 WL 2084469 (C.D. Cal. May 5,
  2015) ..................................................................................................... 10

Kilgore v. KeyBank, N.A.,
  718 F.3d 1052 (9th Cir. 2013) ................................................... 3, 16, 17

Kona Enters., Inc. v. Estate of Bishop,
  229 F.3d 877 (9th Cir. 2000) ................................................................ 10

Leyva v. Certified Grocers of California, Ltd.,
  593 F.2d 857 (9th Cir. 1979) .................................................................. 9

Lockheed Martin Corp. v. Network Solutions, Inc.,
  194 F.3d 980 (9th Cir. 1999) ................................................................ 14

-ii-

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

McGill v. Citibank, N.A.,
   2 Cal. 5th 945 (2017) ......................................................................................*passim*

McMichael v. United States Filter Corp.,
   2001 WL 418981 (C.D. Cal. 2001) ........................................................ 10

Nat'l Liab. & Fire Ins. Co. v. Pac. Window Corp.,
   No. SACV 03-00608 JVS, 2008 WL 11340360 (C.D. Cal. May 12,
   2008) ............................................................................................................. 14

Nunes v. Ashcroft,
   375 F.3d 805 (9th Cir. 2004) ................................................................. 13

O'Connor v. Boeing N. Am., Inc.,
   114 F. Supp. 2d 949 (C.D. Cal. 2000) ................................................... 10

Rappley v. Portfolio Recovery Assocs., LLC,
   No. EDCV17108JGBSPX, 2017 WL 3835259 (C.D. Cal. Aug. 24,
   2017) ............................................................................................................. 16

Reed v. Fed. Nat'l Mortg. Ass'n,
   No. EDCV130940VAPSPX, 2014 WL 12639105 (C.D. Cal. Sept.
   10, 2014) ...................................................................................................... 12

Rosen v. Cross,
   No. CV122376ABCFMOX, 2013 WL 12130007 (C.D. Cal. June 25,
   2013) ............................................................................................................. 10

Shinde v. Nithyananda Found.,
   No. EDCD13363JGBSPX, 2015 WL 12766637 (C.D. Cal. Mar. 26,
   2015) ............................................................................................................. 12

Thompson v. Target Corp.,
   No. CV120010JGBMRWX, 2014 WL 12573412 (C.D. Cal. May 9,
   2014) ............................................................................................................. 10

United States v. Lin,
   No. EDCV 14-00427 JGB, 2014 WL 8276913 (C.D. Cal. Dec. 5,
   2014) ............................................................................................................. 10

Wright v. Sirius XM Radio Inc.,
   No. SACV 1601688 JVSJCGX, 2017 WL 4676580 (C.D. Cal. June
   1, 2017) ........................................................................................................ 16

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

-iii-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

**Statutes**

9 U.S.C. §§ 1-16 ................................................................................................. *passim*

12 U.S.C. §§ 85 and 86 ..................................................................................... 4

Cal. Bus. & Prof. Code § 17200 .................................................. 6, 11, 19

**Rules**

Civ. L.R. 7-18 .................................................................................................. *passim*

Fed. R. Civ. P. 15 ............................................................................................ 2, 13

OPPOSITION TO PLAINTIFFS' MOTION TO LIFT STAY AND FOR LEAVE TO AMEND

LA 52208212v3

# I.    <u>INTRODUCTION</u>

The Motion to Lift Stay and for Leave to File Third Amended Complaint (the "Motion") filed by plaintiffs Brandie Johnson ("Johnson"), Lisa McGlothen ("McGlothen") and Justin Heard ("Heard") (together, "Plaintiffs") is a thinly disguised and improper attempt by Plaintiffs to circumvent this Court's well-reasoned order (the "Arbitration Order," ECF No. 34) compelling Plaintiffs to arbitrate their claims against defendant JPMorgan Chase Bank, N.A. ("Chase").  The Motion should be denied.

***First***, there simply is no basis to lift the stay imposed by this Court.  Plaintiffs cite no authority under the Federal Arbitration Act, 9 U.S.C. §§ 1-16 (the "FAA"), authorizing Plaintiffs to continue litigating their claims despite this Court's entry of a stay following its determination that Plaintiffs' claims are subject to arbitration. Once an issue in an action has been determined to be arbitrable—as has already occurred here—a stay of the action under section 3 of the FAA is mandatory "until such arbitration has been had in accordance with the terms of the agreement."  9 U.S.C. § 3.  Here, Plaintiffs have not even initiated arbitration of the claims that this Court has determined to be arbitrable, much less completed that arbitration.  Nothing in the FAA suggests that a plaintiff may sidestep an order staying an action and compelling arbitration through serial amendments to their claims.

***Second***, although Plaintiffs purport to style the Motion as one seeking to lift the stay entered by the Court and for leave to amend their complaint (their fourth effort), what Plaintiffs actually seek is reconsideration of the Court's Arbitration Order.  Fatally, however, Plaintiffs fail—indeed, they do not even attempt—to meet the requirements for reconsideration under Local Rule 7-18.  Plaintiffs do not identify or argue any new material facts or changes in the law, and they do not and cannot show that this Court failed to consider any material facts previously presented to the Court.  Rather, Plaintiffs' Motion largely advances arguments that this Court already expressly rejected, and their proposed Third Amended Complaint contains

-1-

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

little more than inconsequential rewordings of their prior allegations regarding the same purported facts.  On this basis alone, the Motion should be denied.

**Third**, even if Plaintiffs' Motion were not an improper and unsupported motion for reconsideration, Plaintiffs do not satisfy the requirements of Federal Rule of Civil Procedure 15.  In particular, Plaintiffs plainly unduly delayed seeking leave to amend despite ample opportunity to do so.  Moreover, and in any event, their proposed fourth pleading attempt does not affect the Court's reasoning in the Arbitration Order.  The nature of the "public injunctive relief" that Plaintiffs purport to seek was perfectly clear in the Second Amended Complaint, and nothing in the proposed Third Amended Complaint affects this Court's rejection of that relief as a basis for avoiding arbitration.  Plaintiffs' attempt to avoid arbitration through the simple expedient of pleading a supposed benefit to the general public—an approach that would convert any class action against a public business into a claim for public injunctive relief—was properly rejected.

In its Arbitration Order, this Court expressly rejected Plaintiffs' argument that their request for "public injunctive relief" rendered their claims immune from arbitration under <u>McGill v. Citibank, N.A.</u>, 2 Cal. 5th 945 (2017).  In response to the same arguments advanced in the Motion, this Court specifically found that Plaintiffs' "generalized request" for public injunctive relief was "merely incidental to vindicating Plaintiffs' alleged injuries."  (Arbitration Order, ECF No. 34, at 10.)  In particular, the Court found that "[b]ecause Plaintiffs' claims center on breaches of contract, only individuals who enter into contractual relationships with JPMorgan can benefit from [a] ruling," and that Plaintiffs' prayers for monetary relief were the real "heart" of Plaintiffs' several claims.  (<u>Id.</u>)  In addition, this Court squarely rejected Plaintiffs' attempt to rationalize their request for "public injunctive relief" based solely on the size of the putative classes rather than the nature of their claims and the primary relief sought, since the rule advocated by Plaintiffs "would convert any consumer action against a large company into 'public injunctive relief.'"  (<u>Id.</u>)

-2-

OPPOSITION TO PLAINTIFFS' MOTION TO LIFT STAY AND FOR LEAVE TO AMEND

LA 52208212v3

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

Finally, this Court distinguished the nature of Plaintiffs' claims here from the claims in <u>McGill</u>, finding that "Plaintiffs' own pleadings do not support their analogy to <u>McGill</u> but rather highlight important distinctions." (<u>Id.</u> at 11.)  In particular, the Court observed that "Plaintiffs' claims arose from [alleged] breaches of bilateral contracts between Plaintiffs and JPMorgan, whereas the claims in <u>McGill</u> arose from representations in advertising and marketing materials."  (<u>Id.</u> at 11.)

As detailed herein, nothing in Plaintiffs' proposed amendments addresses the Court's finding that their claims for public injunctive relief are incidental to their contract claims.  As this Court already concluded, Plaintiffs' claims concern ***contractual*** rights and remedies between Chase and its customers, not "public" deceptive advertising or marketing.  Plaintiffs' proposed amendments do nothing to address the Court's finding that the only "real prospective benefit" from Plaintiffs' claims—assuming they had merit, which they do not—would accrue to other account holders with contractual relationships with Chase, not members of the general public. (<u>Id.</u> at 10 (quoting  <u>Kilgore v. KeyBank, N.A.</u>, 718 F.3d 1052, 1061 (9th Cir. 2013)).) Plaintiffs' proposed amendments also do nothing to address this Court's observation that Plaintiffs' argument would improperly convert ***any*** putative class action for breach of contract into a claim for public injunctive relief.  Plaintiffs' only response in this regard is to "clarify" the scope of the injunctive relief they seek, but the substance of Plaintiffs' request—and the underlying contractual conduct challenged by Plaintiffs—remains unchanged.  Indeed, by treating the Court's expressed concerns as a mere pleading issue rather than resulting from the very nature of their claims, Plaintiffs prove the Court's point: any claim for breach of contract can be ***pleaded*** as a claim for public injunctive relief, but that does not make it so, and that is not the standard for public injunctive relief articulated in <u>McGill</u> or applied by the Ninth Circuit or other courts in this district.  For each of these reasons, Plaintiffs' request for leave to amend—including their proposal to define a "class" consisting of

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

-3-

essentially the entire population of the State of California—should therefore be rejected.

Accordingly, and as further detailed below, the Motion should be denied in its entirety.

## A.   BACKGROUND

### 1.   The Original and First Amended Complaints

Plaintiff Johnson filed the original Complaint in this action on December 12, 2017.  (ECF No. 1.)  In the original Complaint, Johnson asserted two theories of liability, both of which she has since abandoned entirely: that the Extended Overdraft Fees charged by Chase supposedly constituted unlawful "interest" under the usury provisions of the National Bank Act (12 U.S.C. §§ 85 and 86) and that disclosing the amount of the fee without using the word "interest" violated California law.  (ECF No. 1 at 9-14 ¶¶ 30-65.)  Johnson purported to assert these claims on behalf of a class of other Chase account holders, seeking monetary damages and restitution for herself and for members of the putative class.  (Id. at 5 ¶ 18, 14 ¶¶ A-F.)  Johnson also purported to seek "public injunctive relief."  (Id. at 14 ¶ C.)

On March 8, 2018, plaintiffs Johnson, McGlothen and Heard filed the First Amended Complaint, adding McGlothen and Heard as plaintiffs and asserting two entirely different theories of liability.  Specifically, Heard complained that he was assessed overdraft fees on certain non-recurring transactions that were mis-coded by the merchant as recurring transactions, and McGlothen complained that she was assessed overdraft fees for transactions that were approved based on sufficient funds but overdrew her account when later submitted for payment.  (ECF No. 15 at 2-3 ¶¶ 1-9.)  In addition, all three Plaintiffs complained (similar to the allegations in the original Complaint, and since abandoned) that their Deposit Account Agreements disclosed overdraft fees as "fees" rather than as "interest."  (Id.)  Plaintiffs again sought monetary relief for themselves and on behalf of other Chase account holders

OPPOSITION TO PLAINTIFFS' MOTION TO LIFT STAY AND FOR LEAVE TO AMEND
LA 52208212v3

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

(id. at 18-19 ¶ 77, 26-27 ¶¶ A-F) and also purported to seek "public injunctive relief" (id. at 27 ¶ C.)

### 2.    The Second Amended Complaint

On May 7, 2018, Plaintiffs voluntarily abandoned their original theory of liability and filed their Second Amended Complaint.  (ECF No. 22.)  Plaintiffs' Second Amended Complaint made no mention of Plaintiffs' prior "usury" and disclosure claims and instead advanced claims based solely on alleged breaches of their Deposit Account Agreements and related documents.  Specifically, Heard complained (as in the First Amended Complaint) that he was improperly assessed overdraft fees for overdrafts on two debit transactions mis-coded by the merchant as recurring charges.  (ECF No. 22 at 13-14 ¶¶ 50-53.)  He also complained that he was assessed balance-inquiry fees for two balance transfers supposedly conducted at a third-party ATM.  (Id. at 16 ¶¶ 66-69.)  McGlothen complained (as in the First Amended Complaint) that she was improperly assessed overdraft fees on debit transactions when she had sufficient funds when the transactions were initially approved but insufficient funds when the transactions actually settled.  (Id. at 12 ¶¶ 42-43.)  She also complained that she was improperly assessed both a non-sufficient funds fee when a transaction was originally submitted but disapproved and also an overdraft fee when the transaction was resubmitted and paid.  (Id. at 17 ¶ 75.)  Johnson complained that, although her account documents expressly authorized Chase to impose an extended overdraft charge, the same documents supposedly precluded Chase from assessing an extended overdraft charge when she  had previously been assessed three overdraft fees on the same day.  (Id. at 24 ¶ 107.)  Notably, all of Plaintiffs' claims purportedly rely on the specific terms of their account agreements with Chase, which (based on Plaintiffs' allegations) supposedly precluded Chase from assessing the various fees at issue.  (See id. ¶¶ 47, 62, 81-83, 91-93.)

-5-

LA 52208212v3

Based on the foregoing, Plaintiffs alleged claims on their own behalf and on behalf of three putative classes of Chase account holders in California for: (1) breach of contract (based on each of the five foregoing alleged occurrences) (First Cause of Action); and (2) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq. (the "the UCL") (based on the underlying alleged breaches of contract) (Second Cause of Action).  (See id. at 28-30 ¶¶ 121-135, 30-31 ¶¶ 136-142.)  Plaintiffs sought damages, restitution and disgorgement on behalf of themselves and the putative classes.  (Id. at 32 ¶¶ D, F.)  In addition, on their Second Cause of Action under the UCL, Plaintiffs sought duplicative monetary relief for Chase account holders and also "an injunction on behalf of the general public to prevent Chase from continuing to engage in the unlawful conduct described herein." (Id. at 31 ¶ 142.)

### 3.      The Motion to Compel Arbitration

On June 18, 2018, Chase filed its Motion to Compel Arbitration (the "Arbitration Motion").  (ECF No. 23.)  Plaintiffs filed their Opposition on August 13, 2018 (ECF No. 28), and Chase filed its Reply on August 31, 2018 (ECF No. 30.)  On September 18, 2018, this Court entered its well-reasoned Arbitration Order, granting the Arbitration Motion and staying this action pursuant to section 3 of the FAA pending completion of arbitration.  (Arbitration Order, ECF No. 34, at 12.)  By its Arbitration Order, this Court expressly rejected Plaintiffs' argument that their request for "public injunctive relief" rendered their claims immune from arbitration under the McGill decision, finding that McGill did not apply.[1]

_____

[1] Because the Court concluded that Plaintiffs did not seek public injunctive relief as contemplated by McGill, the Court did not address Chase's additional argument that McGill is preempted by federal law under the FAA.  (See Arbitration Order 11 ("Because McGill does not apply, the Court will not consider whether the FAA preempts McGill.").)

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

-6-

Specifically, this Court found that Plaintiffs' "generalized request" for public injunctive relief was "merely incidental to vindicating Plaintiffs' alleged injuries," and that "any benefit bestowed on the public would be incidental to Plaintiffs' primary purpose of seeking redress for their own injuries." (Arbitration Order, ECF No. 34, at 10.) The Court based its conclusion on three primary factors: (1) "the construction of the classes" (which were comprised of existing customers and did not include individuals who might incur the fees at issue in the future); (2) "the breach of contract underpinnings of the claims"; and (3) "the entirety of the requested relief." (Id.) In particular, the Court found that "[b]ecause Plaintiffs' claims center on breaches of contract, only individuals who enter into contractual relationships with JPMorgan can benefit from [a] ruling," and that Plaintiffs' prayers for monetary relief were the real "heart" of Plaintiffs' several claims. (Id.)

In addition, this Court squarely rejected Plaintiffs' attempt to rationalize their request for "public injunctive relief" based solely on the size of the putative classes. As the Court found, "The size of a class cannot, on its own, elevate a class action seeking [an] injunction into a matter seeking public injunctive relief. This would convert any consumer action against a large company into 'public injunctive relief.'" (Id.) Finally, this Court distinguished the nature of Plaintiffs' claims here from the claims in McGill, finding that "Plaintiffs' own pleadings do not support their analogy to McGill but rather highlight important distinctions." (Id. at 11.) In particular, the Court observed that "Plaintiffs' claims arose from [alleged] breaches of bilateral contracts between Plaintiffs and JPMorgan, whereas the claims in McGill arose from representations in advertising and marketing materials." (Id. at 11.)

### 4. Plaintiffs' Motion to Lift Stay and for Leave to Amend

On November 7, 2018, Plaintiffs filed the instant Motion. (ECF No. 35.) By the Motion, Plaintiffs request that the Court lift the stay it imposed in the Arbitration Order so that they may once again amend their complaint, this time to: (1) assert "additional facts relating to Plaintiffs' claims for public injunctive relief"; and (2)

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

-7-

"clarify[] the scope of the relief sought and the population this relief is intended to benefit."  (Pls.' Mem. 1.)

### 5.   The Proposed Third Amended Complaint

Plaintiffs' proposed Third Amended Complaint (ECF No. 35-2) confirms that the proposed amendments are inconsequential to the reasoning of this Court in the Arbitration Order.  The proposed Third Amended Complaint includes no new parties or claims, nor does it contain any new material factual allegations.  Instead, Plaintiffs propose to add: (1) conclusory allegations restating arguments that Plaintiffs have already made concerning the "public availability" of the documents at issue, as well as inconsequential amendments to their prayer for relief—both of which this Court has already rejected; and (2) a "Public Injunctive Relief Class" composed of all members of the existing classes plus, as relevant here, "all  persons in  California eligible  to  open  a consumer checking account" (id. at 29 ¶ 119).

## II.   ARGUMENT

### A.   The Stay Should Not Be Lifted.

This Court's Arbitration Order unequivocally ordered Plaintiffs "to pursue their claims in arbitration" and expressly stayed "*[a]ll proceedings* in this matter" pending completion of arbitration.  (Arbitration Order, ECF No. 34, at 12 (emphasis added).)  Plaintiffs cite no authority under the FAA authorizing Plaintiffs to continue litigating their claims despite this Court's express order staying all proceedings following its determination that Plaintiffs' claims are subject to arbitration.  By the plain text of the FAA, once an issue in an action has been determined to be arbitrable (and upon application by a party), a stay of the action under section 3 of the FAA is mandatory "until such arbitration has been had in accordance with the terms of the agreement."  9 U.S.C. § 3.  Here, Plaintiffs have neither initiated arbitration of the claims that this Court has determined to be arbitrable nor completed that arbitration.  Until the arbitration ordered by this Court is completed, the stay of all proceedings in this action should remain in place.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

-8-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiffs cite <u>Leyva v. Certified Grocers of California, Ltd.</u>, 593 F.2d 857, 863 (9th Cir. 1979), among other cases, for the proposition that a party subject to court-ordered arbitration may petition the court to lift an arbitration-related stay in order to re-evaluate whether a plaintiff's claims are subject to arbitration.  However, ***none*** of the cases cited by Plaintiffs support such an argument, and none involved the lifting of a section 3 stay to continue litigation of what a court has already determined to be arbitrable claims.  As the text of section 3 itself states, a stay under section 3 of the FAA is ***mandatory*** upon the application of one of the parties.  9 U.S.C. § 3 ("If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, ***shall*** on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.") (emphasis added).  The purpose of the FAA, and section 3 in particular, is to expeditiously terminate litigation of claims subject to arbitration agreements.  Nothing in the FAA suggests that a plaintiff may sidestep an order compelling arbitration and staying an action by seeking to "amend" what the court has already determined to be arbitrable claims.

Accordingly, and because Plaintiffs' stated grounds for lifting the stay are without merit (as discussed below), Plaintiffs' request to lift the stay should be denied.

**B.    Plaintiffs' Motion Should Be Denied as a Disguised and Improper Motion for Reconsideration.**

Notwithstanding Plaintiffs' characterization of the relief sought, their Motion is a thinly disguised request that the Arbitration Order be reconsidered.  The settled standards for reconsideration therefore apply.  None are satisfied.

-9-

Motions for reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Ketab Corp. v. Mesriani Law Grp., No. 2:14-CV-07241-RSWL, 2015 WL 2084469, at *2 n.3 (C.D. Cal. May 5, 2015) (quoting Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000)).  Reflective of this restrictive approach, motions for reconsideration under Civil Local Rule 7-18 may only be made on one of three expressly stated grounds: (1) "a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision"; (2) "the emergence of new material facts or a change of law occurring after the time of such decision"; or (3) "a manifest showing of a failure to consider material facts presented to the Court before such decision."  Civ. L.R. 7-18; see United States v. Lin, No. EDCV 14-00427 JGB, 2014 WL 8276913, at *2 (C.D. Cal. Dec. 5, 2014) ("[T]he Court cannot grant a reconsideration motion unless the moving party establishes that one of these circumstances exists.") (citing McMichael v. United States Filter Corp., 2001 WL 418981, at *17 (C.D. Cal. 2001), and O'Connor v. Boeing N. Am., Inc., 114 F. Supp. 2d 949, 950 (C.D. Cal. 2000)); Gonzalez v. Coverall N. Am., Inc., No. EDCV1602287JGBKKX, 2017 WL 4653017, at *4 (C.D. Cal. May 26, 2017) (denying motion for reconsideration where moving party failed to show that Local Rule 7-18 grounds were present).  In addition, "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion."  Civ. L.R. 7-18.

Importantly here, the relief sought, rather than the title of the motion supplied by the moving party, governs whether Local Rule 7-18 applies.  See Thompson v. Target Corp., No. CV120010JGBMRWX, 2014 WL 12573412, at *2 (C.D. Cal. May 9, 2014) (treating motion to remand as motion for reconsideration under Local Rule 7-18); Rosen v. Cross, No. CV122376ABCFMOX, 2013 WL 12130007, at *2 (C.D.

-10-

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

Cal. June 25, 2013) (denying "disguised" motion for reconsideration as "an improper attempt to re-advance arguments that have already been considered and rejected by the Court"). "Whether to grant a motion for reconsideration under Local Rule 7-18 is a matter within the court's discretion." <u>Daghlian v. DeVry Univ., Inc.</u>, 582 F. Supp. 2d 1231, 1251 (C.D. Cal. 2007).

Plaintiffs' stated grounds for the Motion are patently insufficient under Local Rule 7-18. Although Plaintiffs purport to seek relief based on "additional facts relating to Plaintiffs' claims for public injunctive relief, including information clarifying the scope of the relief sought and the population this relief is intended to benefit" (ECF No. 35-1 at 1), none of the supposedly "additional" facts alleged by Plaintiffs are new. Moreover, despite their arguments to the contrary, the substance of Plaintiffs' request for "public" injunctive relief—and the underlying contractual conduct challenged by Plaintiffs—remains unchanged. In the Second Amended Complaint, Plaintiffs sought an injunction under the UCL specifically enjoining Chase from the conduct alleged in their UCL claim, specifically: "knowingly misrepresent[ing] its OD fee policies by charging OD fees when sufficient funds were available in consumers' accounts"; "misrepresent[ing] its OD fee policies insofar as it charged OD fees on one-time transactions despite its representation that it would not do so"; "charg[ing] balance inquiry fees on OON [out-of-network] ATM transactions"; "charg[ing] OD fees and NSF fees on the same items"; and "charg[ing] OD fees and NSF fees in excess of the three per day cap in violation of its representation that it would not do so." (2d AM. Compl. 31 ¶ 139, 142; <u>id.</u> at 32 ¶ C.) In their proposed Third Amended Complaint, and notwithstanding their superficial amendments, ***Plaintiffs once again seek exactly the same relief***. (<u>See</u> [Proposed] 3d Am. Compl. 37 ¶ C (seeking "[a]n order on behalf of the general public enjoining CHASE BANK from continuing to misrepresent its OD, NSF and OON Fee policies in its publicly available account documents and marketing materials such as its 'Deposit Agreement,' 'Fee Schedule,' 'Online Banking

-11-

Agreement' and the 'Guide to Your Account'").)  In other words, Plaintiffs' proposed amendment merely copies allegations concerning their request for public injunctive relief from their prior Second Cause of Action and duplicates these allegations in their prayer for relief, even though those allegations were already considered, and rejected, by the Court.  This is patently insufficient.

Moreover, even if Plaintiffs' allegations were "new" (which they are not), nothing prevented Plaintiffs from pleading any such "additional" facts in any of their several prior complaints.  Accordingly, the Motion should be denied on this basis. See Reed v. Fed. Nat'l Mortg. Ass'n, No. EDCV130940VAPSPX, 2014 WL 12639105, at *1 (C.D. Cal. Sept. 10, 2014) (denying reconsideration where "[m]ost of the facts presented in the Motion occurred prior to Movant's filing of the original motion and thus are not new, nor were they unknown to Movant at the time of the Order"), aff'd in part sub nom. Reed v. Seidner, 716 F. App'x 690 (9th Cir. 2018); Shinde v. Nithyananda Found., No. EDCD13363JGBSPX, 2015 WL 12766637, at *5 (C.D. Cal. Mar. 26, 2015) ("This argument was, of course, available to Plaintiffs last year, when the Court ruled against Plaintiffs. Plaintiffs have presented the Court with no new facts or legal authority which would allow relief under the Rule, indeed Plaintiffs have not even attempted to apply Local Rule 7–18."); Civ. L. R. 7-18 (grounds for reconsideration exist only based on new facts or law "occurring after the time of such decision").

In short, none of the Local Rule 7-18 grounds for reconsideration are present. *First*, Plaintiffs identify no "material difference in fact or law," much less a difference "that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision."  Civ. L. R. 7-18. *Second*, Plaintiffs make no attempt to argue any new material facts or a change in the law. Id.  To the contrary, Plaintiffs' Motion largely consists of arguments advanced by Plaintiffs in the prior briefing that the Court has already rejected.  *Third*, Plaintiffs do not and cannot show that this Court "manifest[ly]" failed to consider any

-12-

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

"material facts presented to the Court before such decision." Id.  Indeed, Plaintiffs do not even attempt to argue otherwise.  The Motion therefore must be denied.

## C.    Even If Plaintiffs' Motion Were Proper (It Is Not), Leave to Amend Should Be Denied.

Even if Plaintiffs' Motion were not an improper motion for reconsideration, Plaintiffs fail to satisfy the requirements for leave to amend under Federal Rule of Civil Procedure 15.  Under Rule 15, "[a] party may amend its pleading once as a matter of course," and "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1)-(2).  "Leave to amend is not automatic . . . .  The Ninth Circuit considers a motion for leave to amend under five factors: bad faith, undue delay, prejudice to the opposing party, the futility of amendment, and whether the plaintiff has previously amended his or her complaint." Freeney v. Bank of Am. Corp., No. CV 15-2376-JGB-PJWX, 2016 WL 5897773, at *3 (C.D. Cal. Aug. 4, 2016) (citing Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004)).

Because Plaintiffs unduly delayed in seeking leave to amend and have already had ample opportunity to do so through three prior iterations of their complaint, and further because their proposed amendments do not affect the Court's reasoning in the Arbitration Order and are therefore futile, the Motion should be denied.

### 1.    Plaintiffs Unduly Delayed and Already Have Had More Than Ample Opportunity to Amend Their Complaint.

Plaintiffs' serial pleading-and-amendment, and their improper request for reconsideration, may well qualify as "bad faith."  At a minimum, Plaintiffs indisputably are guilty of undue delay and have had more than ample opportunity to amend.  The original Complaint in this action was filed almost a year ago, and Plaintiffs filed the First Amended Complaint more than eight months ago.  (ECF Nos. 1, 15.)  Plaintiffs then filed the Second Amended Complaint in May 2018. (ECF No. 22.)  The parties then briefed—and the Court granted—Chase's

-13-

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

Arbitration Motion.  Indeed, by their own words, the amendments that Plaintiffs seek are no more than "clarifications" to their prior allegations, and Plaintiffs offer no explanation whatsoever for not making these "clarifications" either in the Complaint as originally filed, or in their First Amended Complaint, or in the Second Amended Complaint, or even by seeking leave to amend in response to the Arbitration Motion. On this record, they simply are not entitled to a fourth iteration of their claims to avoid an outcome with which they disagree.  Plaintiffs' only argument in this regard is that they moved for leave to amend shortly after the Court rejected their arguments in opposition to the Arbitration Motion.  But this cannot possibly be valid grounds for a failure to plead known (alleged) facts or legal theories in a timely fashion; otherwise, *any* motion for leave to amend following an adverse decision by the court would be timely.

Moreover, Chase will be substantially prejudiced if leave to amend were now to be granted, since Chase will be forced to file yet another motion to compel arbitration.  The additional proceedings contemplated by Plaintiffs will unduly delay the arbitration of Plaintiffs' claims, when those claims should never have been brought in court in the first place.  See Nat'l Liab. & Fire Ins. Co. v. Pac. Window Corp., No. SACV 03-00608 JVS, 2008 WL 11340360, at *3 & n.4 (C.D. Cal. May 12, 2008) (citing Coleman v. Quaker Oats Co., 232 F.3d 1271, 1295 (9th Cir. 2000) (quoting Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999))).

Because Plaintiffs offer no valid justification for their delay despite repeated opportunities to amend, and because Chase would be prejudiced by the cost of additional motion practice and the delay of resolving Plaintiffs' claims in arbitration, leave to amend should be denied.

### 2.    Amendment Would Be Futile.

Even if Plaintiffs' request for leave to amend were timely (it plainly is not) and Plaintiffs had not previously amended their complaint multiple times (which they

-14-

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

have), the Motion should be denied on grounds of futility.  Simply put, nothing in Plaintiffs' proposed Third Amended Complaint changes the nature of their claims.

    (a)    **Plaintiffs' Attempt to "Clarify" Their Allegations Regarding Public Injunctive Relief Does Not Change the Result Here.**

In the Motion, Plaintiffs seek leave to assert "additional facts relating to Plaintiffs' claims for public injunctive relief."  (Pls.' Mem. 1.)  However, Plaintiffs' proposed new allegations are little more than what Plaintiffs already argued at length in their Opposition to the Arbitration Motion, i.e., that <u>McGill</u> supposedly bars arbitration of their claims because the contract documents on which their claims are based are "publicly available" either in Chase branches or online.[2]  The Court has already considered, and rightly rejected, this argument.

As reflected in the Arbitration Order, California's rule against arbitration of claims seeking public injunctive relief, even as articulated by the California Supreme

_____

[2] <u>Compare</u> [Proposed] 3d Am. Compl. ¶¶ 24 ("CHASE BANK'S Deposit Agreement is a publicly available document available online and in CHASE BANK branches to all current and prospective accountholders."), 72 ("The "Guide to Your Account" is a marketing document designed to be an overview of the "commonly" assessed fees on checking accounts.  The Guide is publicly available online and in CHASE BANK branches to all current and prospective accountholders."), 90 ("The Fee Schedule is publicly available online and in CHASE BANK branches to all current and prospective accountholders."), 92 ("The Online Banking Agreement is publicly available online and, upon information and belief, in CHASE BANK branches to all current and prospective accountholders."), <u>with</u> Pls.' Opp'n to Chase's Motion to Compel Arbitration (ECF No. 28) at 3 ("Consumers make important decisions regarding with whom to bank in reliance on these publicly available documents. . . .  Specifically, Plaintiffs challenge five distinct practices, and argue Chase deceives the general public in publicly available account and marketing documents"), 8 ("When the largest bank in the country with over 1,000 branch locations in the state of California misleads consumers in *publicly available documents* regarding its overdraft, insufficient funds fees, and out of network ATM fees, that deception harms the general public . . . ." (italics in original), 11 n.7 (describing documents as "publicly available"), 17 n.9 (same).

OPPOSITION TO PLAINTIFFS' MOTION TO LIFT STAY AND FOR LEAVE TO AMEND

LA 52208212v3

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

Court, is a "narrow exception" to the FAA. Kilgore, 718 F.3d at 1055. The Ninth Circuit has made clear that public injunctive relief applies *only* where the relief sought "is for the benefit of the general public rather than the party bringing the action.'" Id. at 1060 (quoting Broughton v. Cigna Healthplans of Cal., 21 Cal. 4th 1066, 1082 (1999)). "A claim for public injunctive relief therefore does not seek 'to resolve a private dispute but to remedy a public wrong.'" Id. Relief primarily directed to a limited class of similarly situated borrowers, where there is "no *real* prospective benefit to the public at large from the relief sought," is not public injunctive relief. Id. at 1061 (emphasis added).[3]

In the Arbitration Order, this Court correctly found that "the relief Plaintiffs seeks is not designed to prevent future harm to the public at large, but is primarily intended to redress prior injury to a specific group of putative plaintiffs who have checking accounts with [Chase] and have incurred overdraft and insufficient funds fees under a narrow set of circumstances." (Arbitration Order, ECF No. 34 at 11 (citing McGill, 2 Cal. 5th at 955 (discussing Broughton, 21 Cal. 4th 1066 and Cruz v. PacifiCare Health Sys., Inc., 30 Cal. 4th 303 (2003)))).) Specifically, this Court found that Plaintiffs' "generalized request" for public injunctive relief was "merely incidental to vindicating Plaintiffs' alleged injuries," and that "any benefit bestowed

---

[3] See also Wright v. Sirius XM Radio Inc., No. SACV 1601688 JVSJCGX, 2017 WL 4676580 (C.D. Cal. June 1, 2017) (analyzing claims and determining that any benefit to the public was "merely 'incidental'" to the relief sought on behalf of class members) (quoting McGill, 2 Cal. 5th at 955); Rappley v. Portfolio Recovery Assocs., LLC, No. EDCV17108JGBSPX, 2017 WL 3835259, at *6 (C.D. Cal. Aug. 24, 2017) ("While Plaintiff crafts her allegations and prayer for relief in a manner that appears to constitute public injunctive relief, a closer inspection reveals that the relief she seeks is intended to redress and prevent further injury to a group of plaintiffs who have already been injured . . . ."); Croucier v. Credit One Bank, N.A., No. 18CV20-MMA (JMA), 2018 WL 2836889, at *5 (S.D. Cal. June 11, 2018) (finding McGill inapplicable where relief would primarily benefit a class of similarly situated individuals).

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

-16-

on the public would be incidental to Plaintiffs' primary purpose of seeking redress for their own injuries." (Id. at 10.)  The Court found that "[b]ecause Plaintiffs' claims center on breaches of contract, only individuals who enter into contractual relationships with JPMorgan can benefit from [a] ruling," and that Plaintiffs' prayers for monetary relief were the real "heart" of Plaintiffs' several claims.  (Id.)

Plaintiffs' proposed new allegations merely reiterate what Plaintiffs already argued at length in opposition to the Arbitration Motion, i.e., that McGill bars arbitration of their claims because the contract documents on which their claims are based purportedly are "publicly available."  As this Court already concluded, Plaintiffs' claims concern *contractual* rights and remedies between Chase and its customers, not "public" deceptive advertising or marketing.  Even as alleged in the proposed Third Amended Complaint, Plaintiffs do not seek relief that would be of any "*real* prospective benefit" to the general public.  Instead, they once again simply tack a request for "public" injunctive relief onto their customer-specific claims for breach of contract in a contrived attempt to avoid arbitration.  Plaintiffs' proposed new allegations do not change the fact that the individuals who would benefit are still an inherently circumscribed group.  Only Chase *customers* are parties to the account agreements and are assessed the fees at issue.  The only other individuals who would even theoretically receive any real benefit (or obtain any recovery) from Plaintiffs' claims are other Chase customers—and then only those who, supposedly like Plaintiffs, actually paid one of the several fees at issue under the circumstances alleged.  "Relief that has the primary purpose or effect of redressing or preventing injury to an individual plaintiff—*or to a group of individuals similarly situated to the plaintiff*—does not constitute public injunctive relief."  McGill, 2 Cal. 5th at 955 (emphasis added) (quoting Broughton, 21 Cal. 4th at 1077).  In short, Plaintiffs "seek 'to resolve a private dispute,'" not "'remedy a public wrong.'"  Kilgore, 718 F.3d at 1060 (quoting Broughton, 988 P.2d at 76).

-17-

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Contrary to Plaintiffs' arguments in the Motion, the Court's conclusions in the Arbitration Order apply regardless of whether the contracts at issue are expressly alleged to be "publicly available."  Despite their repeated protestations to the contrary, Plaintiffs' claims continue to concern *contractual* rights and remedies between Chase and its customers, not deceptive advertising or marketing.[4]  The fees at issue under every iteration of Plaintiffs' pleadings are only charged to Chase

_____

[4] As Chase also pointed out in prior briefing, the only document cited by Plaintiffs that is a *non*-contractual document—the "Guide to Your Account" (attached to the Second Amended Complaint and the proposed Third Amended Complaint as Exhibit B)—*has nothing to do with Plaintiffs' actual claims*.  Plaintiffs lump this document in with the contract documents (e.g., [Proposed] 3d Am. Compl. ¶ 38 (citing all four documents and referring to them collectively as "account documents and marketing materials")), but Plaintiffs do not identify a single untrue or misleading statement in the Guide itself.  Indeed, a review of the plain language of the Guide compared to Plaintiffs' allegations about what the Guide says confirms that Plaintiffs' claims are not based on the Guide at all, but are instead based solely on their contracts with Chase.  Specifically, Plaintiffs cite only two purportedly false statements in the Guide.  The first is the statement "$2.50 for any inquiries, transfers or withdrawals while using a non-Chase ATM."  ([Proposed] 3d Am. Compl. ¶¶ 68-69.)  According to Plaintiffs, this statement is equivalent to the statement (in the Deposit Account Agreement) that "[b]alance inquiries will not incur a fee if done within 15 minutes of a withdrawal using the same card at the same ATM."  ([Proposed] 3d Am. Compl. ¶¶ 68-69.)  Plaintiffs' allegation that these statements say the same thing is facially absurd.  The second statement cited by Plaintiffs is "$34 for each item (maximum 3 Insufficient Funds and Returned Item Fees per day)."  ([Proposed] 3d Am. Compl. ¶ 113.)  Plaintiffs allege that "[b]y definition an Extended Overdraft Fee is an '[I]nsufficient [F]unds' or '[R]eturned Item Fee' subject to the cap of three per day." (Id.)  In fact, the Guide not only does not define an Extended Overdraft Fee as an Insufficient Funds or Returned Item Fee, it expressly *distinguishes* and separately defines each of these three fees.  (Id. Ex. B at 1 ("Insufficient Funds: Chase pays an item when your account does not have enough money" / "Returned Item: Chase returns an item when your account does not have enough money" / "Extended Overdraft: Charged each time your account is overdrawn 5 or more consecutive business days").)  Plaintiffs cite no actual advertising or marketing materials that contain any misrepresentations or otherwise support their claims.

-18-

OPPOSITION TO PLAINTIFFS' MOTION TO LIFT STAY AND FOR LEAVE TO AMEND

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

customers, and the general public would experience no "real benefit" from the resolution of whether such fees are permitted under Chase's contract.

Plaintiffs' proposed amendments also fail to heed this Court's observation that "[t]he size of a class cannot, on its own, elevate a class action seeking [an] injunction into a matter seeking public injunctive relief.  This would convert any consumer action against a large company into 'public injunctive relief.'"  (Arbitration Order, ECF No. 34, at 10.)  Plaintiffs now propose to "clarify" the scope of the injunctive relief they seek, but the substance of Plaintiffs' request—and the underlying contractual conduct challenged by Plaintiffs—remains unchanged.  Indeed, as discussed above (see supra § III.B at p. 11-12), Plaintiffs' proposed amendment to their prayer for public injunctive relief merely duplicates allegations that were already advanced by Plaintiffs in the Second Cause of Action of the Second Amended Complaint, even though those allegations were already considered and rejected by the Court as a basis for Plaintiffs to seek public injunctive relief.  In fact, the underlying contractual nature of Plaintiffs' claims under the UCL (which plaintiffs now propose to make even more expressly clear through their amendments to their prayer for relief, see proposed 3d Am. Compl. 37 ¶ C) demonstrates why Plaintiffs do not seek actual public injunctive relief.

Plaintiffs' effort to avoid arbitration by portraying this case as involving advertising issues like those in McGill—an argument that this Court has already rejected—once again falls flat.  As explained in prior briefing, this case is factually nothing at all like McGill.  In McGill, plaintiffs alleged that the defendant engaged in a nationwide marketing and sales campaign in which the defendant made various representations conflicting with the actual contractual program terms.  (See, e.g., McGill Compl. ¶¶ 84-85.)[5]  Unlike the instant claims, the claims in McGill were not

_____

[5] A copy of the Complaint in McGill is attached to Chase's prior Request for Judicial Notice (ECF No. 31), which the Court previously granted.

-19-

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

based on a breach-of-contract theory, but rather were specifically directed at alleged sales practices that took place during marketing of the products at issue.

Nothing in the proposed Third Amended Complaint changes the analysis here. Unlike in McGill, Plaintiffs here identify no actual advertising or marketing practices or materials supporting their claims at all. Indeed, a review of the proposed Third Amended Complaint (like a review of the Second Amended Complaint) once again confirms that Plaintiffs' claims are not based on any actual advertisements or marketing materials. Instead, Plaintiffs point only to the *availability* of the contractual documents themselves to support their argument. Tellingly, Plaintiffs once again cite no case holding that merely making contractual materials available online constitutes "advertising" or "marketing," and Plaintiffs similarly cite no case holding that making contracts available online (or in the branch) gives rise to a remedy of public injunctive relief. Whether Chase's contracts might be *available* because Chase elected to include them online plainly is not the appropriate standard for determining whether a defendant has engaged in "advertising" or "marketing" directed to the general public, or whether a claim seeking to enforce alleged contractual terms in such documents seeks "public injunctive relief."

At bottom, Plaintiffs continue to argue for a dramatic expansion of McGill, under which effectively *any* contract would constitute "advertising" or "marketing" sufficient to invoke the McGill rule in an attempt to avoid arbitration. There is no authority for this attenuated reading of McGill, and this Court rightly rejected Plaintiffs' argument in this regard in the Arbitration Order. Because the relief sought by Plaintiffs realistically only is of consequence to narrow classes of Chase account holders, public injunctive relief as defined by the California Supreme Court in McGill simply is not implicated here.

The Court has already ruled on all of this, and nothing in Plaintiffs' proposed Third Amended Complaint changes the result. Because nothing in Plaintiffs' proposed Third Amended Complaint cures the deficiencies that the Court identified

-20-

in the Arbitration Order, Plaintiffs' request to lift the stay and for leave to amend should be denied as futile.

### (b)   Plaintiffs' Attempt to Amend Their Class Allegations Similarly Does Not Change the Result.

Plaintiffs request leave to amend, in part, to "clarify[] the scope of the relief sought and the population this relief is intended to benefit." (Pls.' Mem. 1)  Their arguments in this regard fare no better.  In the Arbitration Order, the Court identified the customer-specific nature of the classes pleaded in the Complaint as one (but only one) of the factors leading to its conclusion that Plaintiffs' "generalized request" for public injunctive relief was "merely incidental to vindicating Plaintiffs' alleged injuries." (Arbitration Order at 10.)  In other words, the Court found that the only individuals who stood to obtain any real benefit from the relief sought were part of a class of Chase customers rather than the general public: "[T]he class of people who stand to benefit from any injunctive relief are necessarily limited only to those individuals who have entered into contractual agreements with JPMorgan, not the public at large." (Id.)

Plaintiffs now purport to address this fundamental defect by pleading a "Public Injunctive Relief Class" that includes, as relevant here, "all persons in  California eligible  to  open  a consumer checking account." ([Proposed] 3d Am. Compl. 29 ¶ 119.)  But the problem that the Court identified in the Arbitration Order does not arise due to a defect in Plaintiffs' pleading of the class composition; it arises due to the very nature of Plaintiffs' claims.  Plaintiffs' claims, as this Court found in the Arbitration Order, are contractual in nature, and "any benefit bestowed on the public would be incidental to Plaintiffs' primary purpose of seeking redress for their own injuries." (Arbitration Order, ECF No. 34, at 10.)  Specifically defining a new class to add the entire non-customer population of the state of California, as Plaintiffs propose to do in their Third Amended Complaint, does not change the fact that members of this "class" would not share in the recovery received by individuals with

-21-

Chase accounts who actually paid the fees at issue.  Regardless of whether a "class" consisting of the general public is expressly defined (as Plaintiffs now propose), the relief sought on behalf of such a group is merely incidental to the relief that Plaintiffs seek on their own behalf.

Again, nothing in Plaintiffs' proposed Third Amended Complaint cures the deficiencies that the Court identified in the Arbitration Order.  Accordingly, Plaintiffs' proposed amendment would be futile, and Plaintiffs' request for leave to amend should be denied.

## III.   CONCLUSION

For the foregoing reasons, Chase respectfully submits that the Motion should be denied in its entirety.


Dated:  December 5, 2018          Respectfully submitted,

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND
STEPHEN J. NEWMAN
DAVID W. MOON
CHRISTOPHER R. FREDRICH


By:   */s/ Julia B. Strickland*
            Julia B. Strickland

Attorneys for Defendant
  JPMORGAN CHASE BANK, N.A.

-22-

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>CERTIFICATION</u>

I hereby certify that, on December 5, 2018, a copy of the foregoing document was filed electronically and served by U.S. Mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by facsimile to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's EM/ECF System.

*/s/ Julia B. Strickland*
Julia B. Strickland